JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LAVONTE DOMINIQUE SIMMONS

## DEFENDANTS
KNOX COUNTY, et al

**(b)** County of Residence of First Listed Plaintiff    KNOX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    KNOX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Troy L. Bowlin, II
400 West First North Street
Morristown, TN 37814

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government    Plaintiff

☒ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government    Defendant

☐ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | |     28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |    Liability    ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
|    & Enforcement of Judgment |    Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |    Liability    ☐ 368 Asbestos Personal | | ☐ 840 Trademark |    Corrupt Organizations |
|    Student Loans | ☐ 340 Marine    Injury Product | | | ☐ 480 Consumer Credit |
|    (Excludes Veterans) | ☐ 345 Marine Product    Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |    Liability    **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud |    Act | ☐ 862 Black Lung (923) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |    Product Liability    ☐ 380 Other Personal |    Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |    Injury    ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -    Product Liability |    Leave Act | |    Act |
| |    Medical Malpractice | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights    **Habeas Corpus:** |    Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |    Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | |    or Defendant) |    Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | |    26 USC 7609 |    State Statutes |
| ☐ 245 Tort Product Liability |    Accommodations    ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |    Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |    Other    ☐ 550 Civil Rights |    Actions | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| |    ☐ 560 Civil Detainee - | | | |
| |      Conditions of | | | |
| |      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original    Proceeding
☐ 2   Removed from    State Court
☐ 3   Remanded from    Appellate Court
☐ 4   Reinstated or    Reopened
☐ 5   Transferred from    Another District    *(specify)*
☐ 6   Multidistrict    Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983, 42 U.S.C. 1981 and Violations of the Fourth, Eighth and Fourteenth Amendments
Brief description of cause:
Violation of the 8th and 14th Amendments; Prisoner Healthcare, Prisoner Enviroment, and Free of Danger

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
1,250,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE            DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    Case 3:15-cv-00425-PLR-HBG   Document 1   Filed 09/21/15   Page 1 of 43   PageID #: 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| **LAVONTE DOMINIQUE SIMMONS,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | |
| **KNOX COUNTY,** ) | |
| **KNOX COUNTYSHERIFF J.J. JONES,** ) | |
| **DEPUTY OFFICER HAROLD HAYES, SR,** ) | |
| **FACILITY COMMANDER** ) | **Case No.:_____** |
| **DEPUTY OFFICER SERGEANT SMITH,** ) | |
| **DEPUTY OFFICER CHRISTOPHER** ) | **JURY TRIAL DEMANDED** |
| **FUSTOS, DEPUTY OFFICER PAUL SAAH,** ) | |
| **NURSE AMY SMITH,** ) | |
| **NURSE TYESHA ROBINSON,** ) | |
| **NURSE ROBERT AICHEL,** ) | |
| **NURSE GENEVA FOUST,** ) | |
| **NURSE MELANIE WALKER,** ) | |
| **NURSE TERRY JONES,** ) | |
| **NURSE LARSON,** ) | |
| **NURSE TETONES,** ) | |
| **NURSE CRYSTAL SIMONELLI, RN,** ) | |
| **NURSE JULIE NEWMAN,** ) | |
| **MIKE MAURER, LCSW,** ) | |
| **Defendants.** ) | |

### *THE DEVIL'S CHAIR*

*"Jail and prison employees call it the "strap-o-lounger," the "barcalounger," the "we care chair," and the "be sweet chair." Inmates and their lawyers have other names for the device: "torture chair," "slave chair," and "devil's chair."*

*They are referring not to the electric chair, but to a restraining device that has led to many serious abuses, including torture and death. Belts and cuffs prevent the prisoner's legs, arms, and torso from moving." The Devil's Chair, Anne-Marie Cusac, Investigative Reporter, The Progressive, April 2000*

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**COMES NOW**, Plaintiff Lavonte Dominique Simmons by and through his undersigned attorneys files this Complaint for money damages and for injunctive relief pursuant to Rule 65, Tennessee Rules of Civil Procedure as follows:

1.      At all times material hereto Plaintiff was a sentenced inmate confined to the Roger D. Wilson Detention Facility also known as Knox County Detention Facility, which is located at 5001 Maloneyville Road, Knoxville, Knox County, Tennessee 37918.

2.      Knox County owns and operates the Roger D. Wilson Detention Facility also known as Knox County Detention Facility located at 5001 Maloneyville Road, Knoxville, Knox County, Tennessee 37918.

3.      By Tennessee law, the Roger D. Wilson Detention Facility also known as Knox County Detention Facility, while owned by Knox County, is actually operated by the Knox County Sheriff.

4.      The Sheriff has a statutory duty to take charge and custody of the jail and of the inmates/prisoners housed therein. T.C.A. § 41-4-101.

5.      The Sheriff is charged with operating the jail.

6.      Knox County is required to provide to the jail sufficient medical personnel as may be needed. T.C.A. § 41-4-115.

7.      The Knox County Commission has the authority to appoint inspectors to inspect the jails and to report back to the Commission their findings, and to promulgate rules and regulations for the operation of the jail to be followed by the Sheriff. T.C.A. § 41-4-116.

8.      The Sheriff is charged with keeping the inmates personally, or by deputies or a jailer until they are lawfully discharged. T.C.A. § 8-8-201(a)(3).

9.      In the discharge of this duty, the Sheriff may appoint jailers for whose actions the Sheriff is civilly liable. T.C.A. § 41-4-101.

10.     The jailers appointed by the Sheriff must supply adequate food and bedding to those persons confined in the jail, hot water, showering facilities, clean bedding, clean clothes for the inmates, and must clean the cells of the inmates once every 24 hours. T.C.A. §§41-4-109 and 41-4-111.

11.     Any person employed as a jail administrator, jailer, corrections officer or guard in a county jail or workhouse is required to meet certain minimum statutory qualifications. T.C.A. § 41-4-144.

## I.      DEFENDANTS

### Knox County

12**.**    At all times material hereto Knox County, a political governmental entity in the State of Tennessee, was the owner of the Roger D. Wilson Detention Facility also known as Knox County Detention Facility located at 5001 Maloneyville Road, Knoxville, Knox County, Tennessee 37918.

13.     It is the duty of the county legislative body to erect a jail and to keep it in god order and to make necessary repairs at the expense of the county; Knox County had the right to levy a special tax for this purpose. T.C.A. §§ 5-7-104 and 5-7-106.

14.     By law, Know County was responsible for providing all necessary medical personnel to the Roger D. Wilson Detention Facility also known as Knox County

Detention Facility to ensure that inmates would have access to appropriate and timely medical care and treatment as needed. T.C.A. § 41-4-115.

### Knox County Sheriff J.J. Jones

15.     At all times material hereto, Knox County Sheriff J.J. Jones was the duly elected Sheriff of Knox County statutorily responsible for the operation of the Roger D. Wilson Detention Facility also known as Knox County Detention Facility; for the screening hiring, firing, training and the supervision of the jailers, deputies, corrections officers, and other jail personnel who were working at the Roger D. Wilson Detention Facility also known as Knox County Detention Facility; to ensure that the Jail and the staffing of the facility were in compliance with all applicable rules, regulations and statutes; and responsible for the safety and welfare of those housed in the Roger D. Wilson Detention Facility also known as Knox County Detention Facility. T.C.A. §41-4-101.

16.     Knox County Sheriff J.J. Jones had supervisory authority over all deputy sheriffs, guards, corrections officers, and employees at the Roger D. Wilson Detention Facility also known as Knox County Detention Facility.

17.     Sheriff Jones had the right to apply to the County Commission for increased funding to properly operate the jail and to sue the County where the necessary funding was not forthcoming. T.C.A. § 8-20-101 et seq.

### Deputy Officer Harold Hayes, Sr., Facility Commander

18**.**     At all times material hereto, on information and belief, Deputy Officer Harold Hayes, Senior was a jailer at the Roger D. Wilson Detention Facility also known as Knox County Detention Facility appointed by Knox County Sheriff J.J. Jones, and the

senior officer at the Roger D. Wilson Detention Facility also known as Knox County Detention Facility, in a supervisory position to Deputy Officer Christopher Fustos and Deputy Officer Saah, as well as the named nurses listed in this complaint.

19.     At all times material hereto Deputy Officer Harold Hayes was the Facility Commander, and acting in the course and scope of his employment in that capacity.

20.     As the Facilities Commander for the Roger D. Wilson Detention Facility also known as Knox County Detention Facility, he was the direct supervisor of Defendants Fustos and Saah, as well as the supervisor over the nurses who were employed to work at the Roger D. Wilson Detention Facility also known as Knox County Detention Facility.

21.     It was his obligation to ensure that there were policies and procedures in place for dealing with inmates who were physically disabled, and mentally ill/disabled at the Roger D. Wilson Detention Facility also known as Knox County Detention Facility.

22.     It was his obligation to ensure that the persons working at the jail were properly informed and trained regarding those policies and procedures, and that the policies and procedures were being complied with.

23.     It was his obligation to inspect the facility and insure that the equipment was in proper operating condition, and to notify the Sheriff and Knox County if there was a defect in the building and/or equipment/fixtures that required repair or replacement.

24.     It was his obligation to review use of force notifications/reports and to follow up to determine if discipline needed to be applied to either inmate(s) or jail personnel and to take appropriate corrective action.

### Deputy Officer Sargent Smith

25.     At all times material hereto, Defendant Deputy Officer Sargeant Smith was employed by Knox County Sheriff J.J. Jones and assigned to the Roger D. Wilson Detention Facility also known as Knox County Detention Facility and in a supervisory capacity over Defendants Fustos, Saah, and the nurses named in this complaint and acting in the course and scope of those duties.

26.     It was his obligation to review the circumstances and then approve or disapprove the placement of an inmate in the "restraint chair".

27.     It was his obligation to ensure that any inmate placed in a "restraint chair" was placed there for his own safety, and not as punishment.

28.     It was his duty to know the policies and procedures for the use of the "restraint chair" and ensure that those policies and procedures were being followed any time an inmate was strapped into it.

29.     It was his duty to review the logs of the time spent by an inmate in the "restraint chair" to ensure that its use had not been abused.

30.     It was his duty to discipline and retrain any person under his command who had violated policies and procedures relating to the use of the "restraint chair", or bring that matter to the attention of his supervisor, Defendant Harold Hayes, Jr., Facility Commander for appropriate action.

31.     It was his duty to ensure that any person under his command, including Defendant Officers Fustos and Saah followed proper procedures in dealing with an inmate who was mentally ill and/or physically disabled and whether or not any force used was excessive under the circumstances.

## Deputy Officer Christopher Fustos

32.     At all times material hereto, Defendant Deputy Officer Christopher Fustos was employed as a Deputy Officer assigned to the Knox County Detention Facility.

33.     At all times material hereto, Defendant Deputy Officer Christopher Fustos was acting in the course and scope of his duties.

34.     In the alternative, Defendant Deputy Officer Christopher Fustos actions were criminal, malicious or willful thereby causing the loss of any immunity he might otherwise enjoy.

35.     At all times material hereto, Defendant Deputy Officer Christopher Fustos knew that Plaintiff was mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy which required certain accommodations for that disability.

## Deputy Officer Paul Saah

36.     At all times material hereto, Defendant Deputy Officer Paul Saah was employed as a Deputy Officer assigned to the Knox County Detention Facility.

37.     At all times material hereto, Defendant Deputy Officer Paul Saah was acting in the course and scope of his duties.

38.     In the alternative, Defendant Deputy Officer Paul Saah actions were criminal, malicious or willful thereby causing the loss of any immunity he might otherwise enjoy.

39.     At all times material hereto, Defendant Deputy Officer Paul Saah knew that Plaintiff was mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy which required certain accommodations for that disability.

**Defendant Nurse Smith**

40.     At all times material hereto, Defendant Nurse Smith was employed as a nurse assigned to provide necessary medical evaluation, attention, care and treatment to inmates at the Knox County Detention Facility as needed.

41.     At all times material hereto, Defendant Nurse Smith was acting in the course and scope of his/her duties.

42.     In the alternative, Defendant Nurse Smith's actions were criminal, malicious or willful thereby causing the loss of any immunity he/she might otherwise enjoy.

43.     At all times material hereto, Defendant Nurse Smith knew that Plaintiff was mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy which required certain accommodations for that disability.

**Defendant Nurse Robinson**

44.     At all times material hereto, Defendant Nurse Robinson was employed as a nurse assigned to provide necessary medical attention, care and treatment to inmates at the Knox County Detention Facility as needed.

45.     At all times material hereto, Defendant Nurse Robinson was acting in the course and scope of his/her duties.

46.     In the alternative, Defendant Nurse Robinson's actions were criminal, malicious or willful thereby causing the loss of any immunity he/she might otherwise enjoy.

47.     At all times material hereto, Defendant Nurse Robinson knew that Plaintiff was mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy

which required certain accommodations for that disability.

**Defendant Nurse Aichel**

48.     At all times material hereto, Defendant Nurse Aichel was employed as a nurse assigned to provide necessary medical attention, care and treatment to inmates at the Knox County Detention Facility as needed.

49.     At all times material hereto, Defendant Nurse Aichel was acting in the course and scope of his/her duties.

50.     In the alternative, Defendant Nurse Aichel's actions were criminal, malicious or willful thereby causing the loss of any immunity he/she might otherwise enjoy.

51.     At all times material hereto, Defendant Nurse Aichel knew that Plaintiff was mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy which required certain accommodations for that disability.

**Defendant Nurse Foust**

52.     At all times material hereto, Defendant Nurse Foust was employed as a nurse assigned to provide necessary medical attention, care and treatment to inmates at the Knox County Detention Facility as needed.

53.     At all times material hereto, Defendant Nurse Foust was acting in the course and scope of his/her duties.

54.     In the alternative, Defendant Nurse Foust's actions were criminal, malicious or willful thereby causing the loss of any immunity he/she might otherwise enjoy.

55.     At all times material hereto, Defendant Nurse Foust knew that Plaintiff was

mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy which required certain accommodations for that disability.

## Defendant Nurse Walker

56.    At all times material hereto, Defendant Nurse Walker was employed as a nurse assigned to provide necessary medical attention, care and treatment to inmates at the Knox County Detention Facility as needed.

57.    At all times material hereto, Defendant Nurse Walker was acting in the course and scope of his/her duties.

58.    In the alternative, Defendant Nurse Walker's actions were criminal, malicious or willful thereby causing the loss of any immunity he/she might otherwise enjoy.

59.    At all times material hereto, Defendant Nurse Walker knew that Plaintiff was mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy which required certain accommodations for that disability.

## Defendant Nurse Jones

60.    At all times material hereto, Defendant Nurse Jones was employed as a nurse assigned to provide necessary medical attention, care and treatment to inmates at the Knox County Detention Facility as needed.

61.    At all times material hereto, Defendant Nurse Jones was acting in the course and scope of his/her duties.

62.    In the alternative, Defendant Nurse Jones's actions were criminal, malicious or willful thereby causing the loss of any immunity he/she might otherwise enjoy.

63.     At all times material hereto, Defendant Nurse Jones knew that Plaintiff was mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy which required certain accommodations for that disability.

## Defendant Nurse Larson

64.     At all times material hereto, Defendant Nurse Larson was employed as a nurse assigned to provide necessary medical attention, care and treatment to inmates at the Knox County Detention Facility as needed.

65.     At all times material hereto, Defendant Nurse Larson was acting in the course and scope of his/her duties.

66.     In the alternative, Defendant Nurse Larson's actions were criminal, malicious or willful thereby causing the loss of any immunity he/she might otherwise enjoy.

67.     At all times material hereto, Defendant Nurse Larson knew that Plaintiff was mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy which required certain accommodations for that disability.

## Defendant Nurse TeTones

68.     At all times material hereto, Defendant Nurse TeTones was employed as a nurse assigned to provide necessary medical attention, care and treatment to inmates at the Knox County Detention Facility as needed.

69.     At all times material hereto, Defendant Nurse TeTones was acting in the course and scope of his/her duties.

70.     In the alternative, Defendant Nurse TeTones's actions were criminal, malicious or willful thereby causing the loss of any immunity he/she might otherwise

enjoy.

71.     At all times material hereto, Defendant Nurse TeTones knew that Plaintiff was mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy which required certain accommodations for that disability.

### Defendant Nurse Simonelli

72.     At all times material hereto, Defendant Nurse Simonelli was employed as a nurse assigned to provide necessary medical attention, care and treatment to inmates at the Knox County Detention Facility as needed.

73.     At all times material hereto, Defendant Nurse Simonelli was acting in the course and scope of his/her duties.

74.     In the alternative, Defendant Nurse Simonelli's actions were criminal, malicious or willful thereby causing the loss of any immunity he/she might otherwise enjoy.

75.     At all times material hereto, Defendant Nurse Simonelli knew that Plaintiff was mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy which required certain accommodations for that disability.

### Defendant Nurse Newman

76.     At all times material hereto, Defendant Nurse Newman was employed as a nurse assigned to provide necessary medical attention, care and treatment to inmates at the Knox County Detention Facility as needed.

77.     At all times material hereto, Defendant Nurse Newman was acting in the course and scope of his/her duties.

78.     In the alternative, Defendant Nurse Newman's actions were criminal,

malicious or willful thereby causing the loss of any immunity he/she might otherwise enjoy.

79.    At all times material hereto, Defendant Nurse Newman knew that Plaintiff was mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy which required certain accommodations for that disability.

**Defendant Mike Maurer, LCSW**

80.    At all times material hereto, Defendant Mike was employed as a Licensed Clinical Social Worker assigned to provide necessary mental evaluations, care and treatment to inmates at the Knox County Detention Facility as needed so as to comply with the Knox County Corrections Division Policy and Procedure Manual, Chapter 3, Medical and Mental Health Care Services, Sub-Section 3.3 Suicide Prevention Plan, April 2014. See attached Exhibit A, incorporated herein.

81.    At all times material hereto, Defendant Mike Maurer was acting in the course and scope of his/her duties.

82.    In the alternative, Defendant Mike Maurer's actions were criminal, malicious or willful thereby causing the loss of any immunity he/she might otherwise enjoy.

83.    At all times material hereto, Defendant Maurer knew that Plaintiff was mentally ill and that he suffered from a physical disability, to-wit: cerebral palsy which required certain accommodations for that disability.

## VENUE AND JURISDICTION

84.    This is a civil action for money damages and injunctive relief brought under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States

Constitution; under Federal Law pursuant to the Civil Rights Act of 1964 as amended, 42, U.S.C.A. § 1983 et seq. for violations of the Constitutional Rights; and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701.

85.     This Court has jurisdiction over these claims.

86.     Venue is proper in this Court as to all defendants because the cause of action arose in Knox County, in the Eastern District of Tennessee.

87.     Plaintiff currently has pending in Federal District Court a complaint relating to a different injury received on or about August 14, 2013 arising out of Defendant Knox County's failure to accommodate his disability. See *Lavonte Dominique Simmons v. J. Hurst*, 3:14-cv-72-PLR-CCS and is simultaneously filing a complaint solely related to his State Court Claims arising out of the current events and injury in *Simmons v. Knox County, et al*.

## WAIVER OF IMMUNITY

88.     Knox County has waived immunity for harm caused as a result of a dangerous or defective condition of any building or public improvement to land. T.C.A. §29-20-204.

89.     Knox County has waived immunity for negligence of the County and County employees, misconduct of deputies acting under color of law, and for the negligence of deputies or employees of the Sheriff's Department or the County as set out in the Tennessee Governmental Tort Liability Act. T.C.A. §29-20-305, Tennessee Governmental Tort Liability Act, and by T.C.A. §8-8-302 for intentional acts or misconduct done by deputies under color of law.

90.    Knox County Sheriff J.J. Jones, at all times material hereto, had the statutory authority to appoint a jailer to oversee the Roger D. Wilson Detention Facility also known as Knox County Detention Facility, but by law, Sheriff J.J. Jones is civilly responsible for the acts and failures to act of any such appointed jailer.  T.C.A. § 41-4-101. Furthermore immunity for the Sheriff, his employees, including the jailer, and his deputies is waived for certain torts by T.C.A. §29-20-305, Tennessee Governmental Tort Liability Act, and by T.C.A. §8-8-302 and § 8-8-303 for intentional acts or misconduct done by the Sheriff's deputies under color of law.

91.    There is no immunity for individuals for criminal conduct, or conduct which is willful or malicious.

92.    Immunity for the Knox County Sheriff and his employees is waived for certain torts by T.C.A. § 29-20-205.

93.    The Knox County Sheriff is statutorily required to post a secured bond in an amount not less than One Hundred Thousand Dollars ($100,000.00) to secure his faithful execution of the duties of his office. T.C.A. 8-8-103.

94.    There is no immunity for the named Defendants for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701.

95.    There is no immunity for any of these Defendants under the Eleventh Amendment.

## **COMMON FACTS**

96.    At all times material hereto Plaintiff Lavonte Dominique Simmons was incarcerated at the Knox County Detention Center under a sentence pursuant to a felony conviction in the State of Tennessee.

97. Because Plaintiff had been at the Knox County Detention Center for a long time, the Sheriff, Deputies, Jailers, Corrections Officers, Guards, and Civilian Personnel were familiar with him and the fact that he was physically disabled and mentally ill.

98. At all times material hereto, Defendant Knox County Sheriff J.J. Jones had authorized the use of a "restraint chair" at the Knox County Detention Facility and Knox County had authorized the expenditure for one or more "restraint chairs" knowing that they were to be used at the Knox County Detention Facility.

99. At all times material hereto, Defendants Fustos and Saah, were acting in the course and scope of their employment at the Knox County Detention Facility when they tackled Plaintiff, slamming his head into the concrete floor, and delivering a vicious blow with a knee to Plaintiff's testicles, causing Plaintiff great injury.

100. Following this vicious assault during which Plaintiff received serious injuries, Defendants Fustos and Saah sought, and received, permission to place Plaintiff in the "restraint chair", allegedly to protect him from harming himself when he failed to meet that criteria as outlined by the jail policies and procedures. In fact, the reports authored by Defendants Fustos and Saah make it clear that he was placed in the "restraint chair" as punishment for resisting their efforts to take away from him medication which he had been prescribed for his mental illness, to-wit: one Wellbutrin tablet. See attached exhibits B and C, incorporated herein.

101. Plaintiff had originally been placed in a different "restraint chair" which was in full view of a security/surveillance camera as required by the policies and procedures in place at the Knox County Detention Facility, but was moved to a different chair outside of the view of the security/surveillance cameras required by the policies and

procedures on the use of the "restraint chair" when he was observed writhing and moaning in pain from the beating he had suffered at the hands of Defendants Fustos and Saah.

102. Thus began Plaintiff's nearly forty-eight (48) hours of punishment and torture under the guise of protecting him from himself. From shortly before 10:30 AM on Saturday, September 20, 2014 until shortly after 9:10 AM on Monday, September 22, 2014, Plaintiff was shackled by his hands and feet to a "restraint chair", a dangerous position for someone with cerebral palsy.

103. During that nearly forty-eight hour period, at no time was there any recorded observation of Plaintiff saying, or doing, anything that would indicate that he was suicidal, a danger to himself or others, or in any manner out of control. There was no recorded behavior that would have justified placing Plaintiff in the "restraint chair" initially and nothing during the next nearly forty-eight hours to justify keeping him strapped to the chair in an upright position which made movement of any kind virtually impossible and made it virtually impossible to sleep.

104. During the nearly forty-eight hours of punishment and torture, each of the nurses named in the complaint checked on the Plaintiff at least one time and yet not one of them authorized his removal from the "restraint chair". In fact a twelve-hour period went by when no nurse checked Plaintiff or the position of the restraints.

105. When Plaintiff was finally released from the "restraint chair" there is no indication that he was actually evaluated by the medical personnel physically or mentally. Instead, Defendant Mike Maurer, LCSW had Plaintiff sign an agreement that he would not hurt himself and let him go back to his regular cell.

106. The use of the "restraint chair" is expressly prohibited by the policies and procedures of the Knox County Detention Facility but both Knox County and Defendant Knox County Sheriff J.J. Jones were aware for years that the "restraint chair" was being used as punishment for certain inmates and as a coercive measure for certain pre-trial detainees and they did nothing to prevent the abuses.

## COUNT I
## VIOLATION OF THE RIGHTS OF A DISABLED PERSON

107. This claim is brought pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 and the Americans With Disabilities Act.

108. Plaintiff suffers from Cerebral Palsy and Major Depression.

109. Plaintiff has been diagnosed and determined to be disabled by the United States based upon his Cerebral Palsy.

110. Plaintiff is a qualified individual with a disability within the meaning of the ADA and Title II of the Americans with Disabilities Act Section 504 of the Rehabilitation Act of 1973.

111. Plaintiff is incarcerated at the Knox County Jail, which is owned by Knox County but operated/administered by the Knox County Sheriff. Upon information and belief, the Jail and/or the Sheriff receive Federal financial assistance for the Jail and the Sheriff's Department.

112. Plaintiff has been subjected to jail conditions and policies that fail to accommodate his disabilities, including, but not limited to being confined to a "restraint" chair for forty-eight consecutive hours without any demonstrated need for such confinement, and in violation of the policies and procedures of the Jail as well as in

violation of the United States Constitutional mandate that no person may be subjected to cruel and unusual punishment.

113. The use of the "restraint chair" creates an imminent risk of serious injury to persons with disabilities similar to Plaintiff's.

114. Those conditions are capable of a reasonable accommodation or modification for Plaintiff's disabilities at little to no cost to the Defendant County and Defendant Sheriff, including placing the inmate in a cell where he can be watched at all times, and properly screening inmates for suicidal ideations.

115. As a result of this barbaric tactic of confining an inmate for long hours in a "restraint chair" plaintiff suffered muscle aches and pains, humiliation and despair.

**WHEREFORE** Plaintiff moves this Court for Judgment in his favor in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), and that this Court enter an injunction pursuant to Federal Rules of Civil Procedure Rule 65 and mandates of ADA and Title II of the Americans with Disabilities Act Section 504 of the Rehabilitation Act of 1973 prohibiting the Knox County Sheriff and his Jailers, deputies, corrections officers, and employees from:

      a.      Placing Plaintiff or any other inmate in a "restraint chair" for longer than four hours in any given twenty-four (24) hour period;

      b.      That qualified medical staff be with the person confined for the entire time of their confinement; and

      c.      That all such confinements be clearly videotaped with understandable audio, from beginning to end or be subject to fines of $1000.00 per instance where an inmate is in the restraint chair without contemporaneous

and continuous supervision by medical personnel, reasonable attorneys fees and costs of this action.

## CONSTITUTIONAL CLAIMS
## BASED UPON THE UNITED STATES CONSTITUTION

## BILL OF RIGHTS TO THE UNITED STATES CONSTITUTION

### Amendment IV

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

### Amendment VIII

*Excessive    shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.*

### Amendment XIV

Section 1.

*All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW – EXCESSIVE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS

116.   Plaintiff incorporates by reference paragraphs 1 through 115.

117.   42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be

liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

118.    Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

119.    Defendants Fustos and Saah used excessive force against Plaintiff by tackling Plaintiff to the ground, causing his head to strike the concrete floor and then delivering a vicious blow with a knee to Plaintiff's testicles, causing injury to him. Defendants Fustos and Saah's use of force violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.

120.    Defendants Fustos and Saah acted in concert with one another and under color of state law and in the course and scope of their employment when they injured Plaintiff because they were working in the Knox County Detention Facility, wearing a uniform and a badge.

121.    At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

122.    Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement and persons working at the jail.

123.    Any reasonable law enforcement and/or corrections officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

124.    Defendants Fustos and Saah's conduct was objectively unreasonable because Plaintiff was merely talking with another inmate, and had in his possession medication which had been given to him by medical personnel at the Knox County Detention Facility for him to take for his mental illness, but he had not yet taken it. Moreover, Plaintiff posed no threat to Defendants because he was clearly unarmed, yet Defendants made no effort to "de-escalate" the situation but rather provoked a confrontation that gave them an excuse to viciously attack the Plaintiff.

125.    Thus Plaintiff's "seizure" was accomplished by means of objectively unreasonable, excessive and shocking physical force, thereby unreasonably restraining the limited amount of liberty afforded to an inmate in jail.

126.    This use of force described herein was malicious and/or involved reckless, callous and deliberate indifference to Plaintiff's federal protected rights.

127.    The Defendants are not entitled to qualified immunity for that conduct complained of in this complaint.

128.    As a result of Defendants Fustos and Saah's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses described herein entitling him to compensatory and special damages. As a further result of Defendants' unlawful conduct, Plaintiff has incurred special damages including medical expenses and may continue to incur further medical expenses; Plaintiff's future earning capacity may be impaired. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff demands judgment against Defendants Fustos and Saah, jointly and severally, for violating his constitutional rights under the Fourth

Amendment and Fourteenth Amendment for actual physical and emotional injuries, medical bills, loss of ability for enjoyment of life in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), punitive damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus prejudgment interest, costs of this action, and reasonable attorney fees.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW – EXCESSIVE FORCE/CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS**

129.    Plaintiff incorporates by reference paragraphs 1 through 115.

130.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

131.    Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

132.    Defendants Fustos and Saah used excessive force against Plaintiff by tackling Plaintiff to the ground, causing his head to strike the concrete floor and then delivering a vicious blow with a knee to Plaintiff's testicles, causing injury to him. Defendants Fustos and Saah's use of force violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

133.    Defendants Fustos and Saah acted in concert with one another and under color of state law and in the course and scope of their employment when they injured

Plaintiff because they were working in the Knox County Detention Facility, wearing a uniform and a badge.

134. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Eighth and Fourteenth Amendments to be secure in his person from cruel and unusual punishment by the use of excessive force.

135. Plaintiff also had the clearly established Constitutional right under the Eighth and Fourteenth Amendments to bodily integrity and to be free from excessive force by law enforcement and persons working in the jail.

136. Any reasonable law enforcement and/or corrections officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

137. Defendants Fustos and Saah's conduct was objectively unreasonable because Plaintiff was merely talking with another inmate, and had in his possession medication which had been given to him by medical personnel at the Knox County Detention Facility for him to take for his mental illness, but he had not yet taken it. Moreover, Plaintiff posed no threat to Defendants because he was clearly unarmed, yet Defendants made no effort to "de-escalate" the situation but rather provoked a confrontation that gave them an excuse to viciously attack the Plaintiff.

138. This vicious attack on Plaintiff was not for any legitimate purpose but rather was to inflict cruel and unusual punishment upon him for his refusal to give up his prescribed medication to these Defendants.

139. This use of force described herein was malicious and/or involved reckless, callous and deliberate indifference to Plaintiff's federal protected rights.

140.   The Defendants are not entitled to qualified immunity for that conduct complained of in this complaint.

141.   As a result of Defendants Fustos and Saah's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses described herein entitling him to compensatory and special damages. As a further result of Defendants' unlawful conduct, Plaintiff has incurred special damages including medical expenses and may continue to incur further medical expenses; Plaintiff's future earning capacity may be impaired. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff demands judgment against Defendants Fustos and Saah, jointly and severally, for violating his constitutional rights under the Eighth and Fourteenth Amendments for actual physical and emotional injuries, medical bills, loss of ability for enjoyment of life in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), punitive damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus prejudgment interest, costs of this action, and reasonable attorney fees.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW FOR USE OF RESTRAINT CHAIR– EXCESSIVE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS

142.   Plaintiff incorporates by reference paragraphs 1 through 115.

143.   42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable

to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

144.    Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

145.    Defendants Fustos and Saah, and Defendant Deputy Officer Sergeant Smith, acting in concert with one another placed Plaintiff in the "restraint chair" despite the fact that Plaintiff did not meet the criteria set forth in the policies and procedures of the Knox County Detention Facility. See Exhibit D, attached hereto and incorporated herein. The use of the "restraint chair" under the facts of this case constituted a use of excessive force which violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.

146.    Defendants Fustos and Saah, and Defendant Deputy Officer Sergeant Smith acted under color of their authority and in the course and scope of their employment when they placed Plaintiff in the "restraint chair" because they were working in the Knox County Detention Facility, wearing a uniform and a badge.

147.    At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

148.    Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement and persons working at the jail.

149.    Any reasonable law enforcement and/or corrections officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

150.    Defendants Fustos and Saah's and Defendant Deputy Officer Sergeant Smith's conduct was objectively unreasonable because Plaintiff was placed in the "restraint chair" despite the fact that he did not meet the criteria set out in the policies and procedures established by Defendant Knox County Sheriff J.J. Jones, indicating that the placement in the "restraint chair" was for a purpose other than to protect Plaintiff from doing harm to himself or others.

151.    Thus Plaintiff's "seizure" was accomplished by means of objectively unreasonable, excessive and shocking physical force by confining Plaintiff to the "restraint chair" for nearly forty-eight hours, thereby unreasonably restraining the limited amount of liberty afforded to an inmate in jail.

152.    This use of force described herein was malicious and/or involved reckless, callous and deliberate indifference to Plaintiff's federal protected rights.

153.    The Defendants are not entitled to qualified immunity for that conduct complained of in this complaint.

154.    As a result of Defendants Fustos and Saah's and Defendant Deputy Officer Sargeant Smith's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses described herein entitling him to compensatory and special damages. As a further result of Defendants' unlawful conduct, Plaintiff has incurred special damages including medical expenses and may continue to incur further medical expenses; Plaintiff's future earning capacity may be

impaired. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff demands judgment against Defendants Fustos and Saah and Defendant Deputy Officer Sargeant Smith, jointly and severally, for violating Plaintiff's constitutional rights under the Fourth Amendment and Fourteenth Amendments for actual physical and emotional injuries, medical bills, loss of ability for enjoyment of life in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), punitive damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus prejudgment interest, costs of this action, and reasonable attorney fees.

### COUNT V
### VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW FOR USE OF RESTRAINT CHAIR – EXCESSIVE FORCE UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS

155. Plaintiff incorporates by reference paragraphs 1 through 115.

156. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

157. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

158. Defendants Fustos and Saah, and Defendant Deputy Officer Sargeant Smith, acting in concert with one another placed Plaintiff in the "restraint chair" despite

the fact that Plaintiff did not meet the criteria set forth in the policies and procedures of the Knox County Detention Facility. See Exhibit D, attached hereto and incorporated herein. The use of the "restraint chair" under the facts of this case constituted cruel and unusual punishment, which violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

159.    Defendants Fustos and Saah, and Defendant Deputy Officer Sargeant Smith acted under color of their authority and in the course and scope of their employment when they placed Plaintiff in the "restraint chair" because they were working in the Knox County Detention Facility, wearing a uniform and a badge.

160.    At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Eighth and Fourteenth Amendments to be secure in his person from cruel and unusual punishment.

161.    Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from cruel and unusual punishment by law enforcement and persons working at the jail.

162.    Any reasonable law enforcement and/or corrections officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

163.    Defendants Fustos and Saah's and Defendant Deputy Officer Sargeant Smith's conduct was objectively unreasonable because Plaintiff was placed in the "restraint chair" despite the fact that he did not meet the criteria set out in the policies and procedures established by Defendant Knox County Sheriff J.J. Jones, indicating

that the placement in the "restraint chair" was for a purpose other than to protect Plaintiff from doing harm to himself or others. See attached Exhibit D, incorporated herein.

164. Thus Plaintiff's punishment was accomplished by means of objectively unreasonable, excessive and shocking physical force by confining Plaintiff to the "restraint chair" for nearly forty-eight hours, thereby unreasonably restraining the limited amount of liberty afforded to an inmate in jail.

165. This punishment described herein was malicious and/or involved reckless, callous and deliberate indifference to Plaintiff's federal protected rights.

166. The Defendants are not entitled to qualified immunity for that conduct complained of in this complaint.

167. As a result of Defendants Fustos and Saah's and Defendant Deputy Officer Sargeant Smith's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses described herein entitling him to compensatory and special damages. As a further result of Defendants' unlawful conduct, Plaintiff has incurred special damages including medical expenses and may continue to incur further medical expenses; Plaintiff's future earning capacity may be impaired. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff demands judgment against Defendants Fustos and Saah and Defendant Deputy Officer Sargeant Smith, jointly and severally, for violating Plaintiff's constitutional rights under the Eighth Amendment and Fourteenth Amendments for actual physical and emotional injuries, medical bills, loss of ability for enjoyment of life in the amount of Seven Hundred Fifty Thousand Dollars

($750,000.00), punitive damages in the amount of One Million Two Hundred Fifty

Thousand Dollars (1,250,000.00), plus prejudgment interest, costs of this action, and

reasonable attorney fees.

**COUNT VI**
**VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW FOR USE OF
RESTRAINT CHAIR – CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH
AND FOURTEENTH AMENDMENTS AS TO DEFENDANTS NURSE SMITH, NURSE
ROBINSON, NURSE AICHEL, NURSE FOUST, NURSE WALKER, NURSE JONES,
NURSE LARSON, NURSE TESTONES, NURSE SIMONELLI, NURSE NEWMAN,
AND MIKE MAURER, LCSW**

168.    Plaintiff incorporates by reference paragraphs 1 through 115.

169.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance,
> regulation, custom or usage of any state or territory or the
> District of Columbia subjects or causes to be subjected any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges
> or immunities secured by the constitution and law shall be
> liable to the party injured in an action at law, suit in equity, or
> other appropriate proceeding for redress . . .

170.    Plaintiff in this action is a citizen of the United States and all of the

individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. §

1983.

171.    Defendants Nurse Amy Smith, Nurse  Tyesha Robinson, Nurse Robert

Aichel, Nurse Geneva Foust, Nurse Melanie Walker, Nurse Terry Jones, Nurse Larson,

Nurse Testones, Nurse Crystal Simonelli, Nurse Julie Newman, and Mike Maurer,

LCSW acting in concert with one another, conspired to place and keep Plaintiff in the

"restraint chair" for nearly forty-eight (48) hours despite the fact that Plaintiff did not

meet the criteria set forth in the policies and procedures of the Knox County Detention

Facility**.** See Exhibit D, attached hereto and incorporated herein.

172.    The use of the "restraint chair" under the facts of this case constituted cruel and unusual punishment, which violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

173.    Defendants Nurse Amy Smith, Nurse Tyesha Robinson, Nurse Robert Aichel, Nurse Geneva Foust, Nurse Melanie Walker, Nurse Terry Jones, Nurse Larson, Nurse Testones, Nurse Crystal Simonelli, Nurse Julie Newman, and Mike Maurer, LCSW acted under color of their authority and in the course and scope of their employment when they placed and kept Plaintiff in the "restraint chair" because they were working in the Knox County Detention Facility, wearing a uniform and other indicia of authority.

174.    At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Eighth and Fourteenth Amendments to be secure in his person from cruel and unusual punishment.

175.    Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from cruel and unusual punishment by law enforcement and persons working at the jail.

176.    Any reasonable law enforcement and/or corrections officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

177.    Any reasonable person would have known that placing and continuing Plaintiff's enforced time in the "restraint chair" under the circumstances as they existed was inhumane, cruel and without legitimate purpose. The "log" book clearly shows that

there was no purpose to placing and keeping Plaintiff in the "restraint chair" other than to inflict punishment on Plaintiff. See Exhibit E attached hereto and incorporated herein.

178.    Thus Plaintiff's punishment was accomplished by means of objectively unreasonable, excessive, inhumane and shocking physical force by confining Plaintiff to the "restraint chair" for nearly forty-eight hours, thereby unreasonably restraining the limited amount of liberty afforded to an inmate in jail.

179.    This punishment described herein was malicious and/or involved reckless, callous and deliberate indifference to Plaintiff's federal protected rights.

180.    The Defendants are not entitled to qualified immunity for that conduct complained of in this complaint.

181.    As a result of Nurse Smith, Nurse Robinson, Nurse Aichel, Nurse Foust, Nurse Walker, Nurse Jones, Nurse Larson, Nurse TeTones, Nurse Simonelli, Nurse Newman, and Mike Maurer, LCSW's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses described herein entitling him to compensatory and special damages. As a further result of Defendants' unlawful conduct, Plaintiff has incurred special damages including medical expenses and may continue to incur further medical expenses; Plaintiff's future earning capacity may be impaired. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff demands judgment against Nurse Smith, Nurse Robinson, Nurse Aichel, Nurse Foust, Nurse Walker, Nurse Jones, Nurse Larson, Nurse Testones, Nurse Simonelli, Nurse Newman, and Mike Maurer, LCSW, jointly and severally, for violating Plaintiff's constitutional rights under the Eighth Amendment and

Fourteenth Amendments for actual physical and emotional injuries, medical bills, loss of ability for enjoyment of life in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), punitive damages in the amount of One Million Two Hundred and Fifty Thousand Dollars ($1,250,000.00), plus prejudgment interest, costs of this action, and reasonable attorney fees.

**COUNT VII**
**VIOLATION OF 42 U.S.C. § 1983 CIVIL RIGHTS UNDER COLOR OF STATE LAW – DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, AND TRAINING IN VIOLATION OF THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS AND IN VIOLATION OF 42 U.S.C. § 1981**

182.    Plaintiff incorporates by reference paragraphs 1 through 115.

183.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

184.    Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

185.    Defendant Knox County Sheriff J.J. Jones, Deputy Officer Harold Hayes, Facility Commander, and Deputy Officer Sargeant Smith each had a duty of care to Plaintiff to ensure that their agents were properly trained in the use of force, the limits of the authority to impose punishment on inmates, and that supervisory officers not condone unnecessary force, unlawful seizures and the imposition of cruel and unusual punishment.

186.    Knox County Sheriff J.J. Jones, Deputy Officer Harold Hayes, Facility Commander, and Deputy Officer Sargeant Smith each had a duty of care to properly train those officers and personnel working at the Knox County Detention Facility on the use of the "restraint chair" and to properly train officers and jail personnel in the appropriate use of force.

187.    Failure to develop and promulgate policies outlining the guidelines for appropriate use of force, failure to train officers and jail personnel and investigators to follow those guidelines, and failure to train officers and jail personnel on use of force and use of the "restraint chair" constitute deliberate indifference to Plaintiff and other citizens' constitutional rights. Alternatively, these failures demonstrate a widespread practice or custom that results in the deprivation of constitutional rights.

188.    Knox County Sheriff J.J. Jones, Deputy Officer Harold Hayes, Facility Commander, and Deputy Officer Sargeant Smith, while on paper established policies and procedures regarding the use of the "restraint chair", their long term failure to enforce those policies and discipline and/or sanction those who ignored and/or violated those policies and procedures, established a custom and usage of a *de facto* policy of permitting the "restraint chair" to be used as a punishment in violation of Plaintiff's constitutional rights to be free from cruel and unusual punishment.

189.    Plaintiff had the following clearly established rights at all times material herein:

a.    The right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

b. The right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment; and

c. The right to be free from cruel and unusual punishment under the Eighth Amendment.

190. Acts or omissions on the part of Knox County Sheriff J.J. Jones, Deputy Officer Harold Hayes, Facility Commander, and Deputy Officer Sergeant Smith constitute a violation of § 1983 and were done to deprive the Plaintiff of the previously stated, clearly established constitutional rights.

191. Defendant Knox County Sheriff J.J. Jones, Deputy Officer Harold Hayes, Facility Commander, and Deputy Officer Sergeant Smith's failure to train officers and develop and promulgate policies that would have prevented Plaintiff's constitutional rights from being violated demonstrate deliberate indifference to and deliberate disregard for the constitutional rights of Plaintiff.

192. Defendant Knox County Sheriff J.J. Jones, Deputy Officer Harold Hayes, Facility Commander, and Deputy Officer Sergeant Smith had an affirmative duty to protect Plaintiff who was in their custody from the constitutional abuses and violations by the Defendants Defendants Fustos and Saah and Defendant Deputy Officer Sergeant Smith, and Nurse Smith, Nurse Robinson, Nurse Aichel, Nurse Foust, Nurse Walker, Nurse Jones, Nurse Larson, Nurse Testones, Nurse Simonelli, Nurse Newman, and Mike Maurer, LCSW's.

193. Defendant Knox County Sheriff J.J. Jones, Deputy Officer Harold Hayes, Facility Commander, and Deputy Officer Sergeant Smith's acts or omissions with regard to Plaintiff's constitutional rights are the direct and legal cause of Plaintiff's actual

physical and emotional injuries, and other damages and losses described herein

entitling him to compensatory and special damages.

194.   As a further result of Defendant Knox County Sheriff J.J. Jones, Deputy

Officer Harold Hayes, Facility Commander, and Deputy Officer Sargeant Smith's

unlawful acts or omissions, Plaintiff has incurred special damages including medical

expenses and may continue to incur further medical expenses; Plaintiff's future earning

capacity may be impaired. Plaintiff is further entitled to attorneys' fees and costs

pursuant to 42 U.S.C. § 1988.

   **WHEREFORE,** Plaintiff demands judgment against Defendant Knox County

Sheriff J.J. Jones, Deputy Officer Harold Hayes, Facility Commander, and Deputy

Officer Sargeant Smith for violating his constitutional rights under the Fourth. Eighth and

Fourteenth Amendments for actual physical and emotional injuries, medical bills, loss of

ability for enjoyment of life in the amount of Seven Hundred Fifty Thousand Dollars

($750,000.00), punitive damages in the amount of One Million Two Hundred Fifty

Thousand Dollars ($1,250,000.00) plus prejudgment interest, costs of this action and

reasonable attorney fees.

### COUNT VIII
### VIOLATION OF 42 U.S.C. § 1983 CIVIL RIGHTS UNDER COLOR OF STATE LAW – DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, AND TRAINING IN VIOLATION OF THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS AND IN VIOLATION OF 42 U.S.C. § 1981

195.   Plaintiff incorporates by reference paragraphs 115.

196.   42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance,
> regulation, custom or usage of any state or territory or the
> District of Columbia subjects or causes to be subjected any
> citizen of the United States or other person within the

> jurisdiction thereof to the deprivation of any rights, privileges
> or immunities secured by the constitution and law shall be
> liable to the party injured in an action at law, suit in equity, or
> other appropriate proceeding for redress . . .

197.    Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

198.    Defendant Knox County knew of the use of the "restraint chair" on inmates at the Knox County Detention Facility.

199.    Defendant Knox County had actual or constructive knowledge that the "restraint chair" was being used in a manner that was coercive and in violation of the rights of the inmates at the Knox County Detention Facility to be free from cruel and unusual punishment and yet acquiesced to the continued unconstitutional use of the "restraint chair".

200.    These long standing acts and/or omissions demonstrate such a widespread practice or custom that resulted in the deprivation of constitutional rights so as to be considered the unconstitutional custom and usage of the "restraint chair" by Knox County.

201.    While on paper established policies and procedures regarding the use of the "restraint chair" purported to fall within constitutional limitations, Knox County's long term failure to require that Knox County Sheriff J.J. Jones and his subordinates enforce those policies and discipline and/or sanction those who ignored and/or violated those policies and procedures, established a custom and usage of a *de facto* policy of permitting the "restraint chair" to be used as a punishment in violation of Plaintiff's constitutional rights to be free from cruel and unusual punishment.

202.    Plaintiff had the following clearly established rights at all times material herein:

a.    The right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

b.    The right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment; and

c.    The right to be free from cruel and unusual punishment under the Eighth Amendment.

203.    Acts or omissions on the part of Knox County constitute a violation of § 1983 and were done to deprive the Plaintiff of the previously stated, clearly established constitutional rights.

204.    Defendant Knox County's acts or omissions with regard to Plaintiff's constitutional rights are the direct and legal cause of Plaintiff's actual physical and emotional injuries, and other damages and losses described herein entitling him to compensatory and special damages.

205.    As a further result of Defendant Knox County's unlawful acts or omissions, Plaintiff has incurred special damages including medical expenses and may continue to incur further medical expenses; Plaintiff's future earning capacity may be impaired. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff demands judgment against Defendant Knox County for violating his constitutional rights under the Fourth. Eighth and Fourteenth Amendments for actual physical and emotional injuries, medical bills, loss of ability for enjoyment of life in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), punitive

damages in the amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), plus prejudgment interest, costs of this action and reasonable attorney fees.

## COUNT IX
## RATIFICATION

206.    Plaintiff re-alleges the allegations set forth in paragraphs1 through 15 of this Complaint.

207.    Defendant Knox County, ratified the unconstitutional violations of Plaintiff Simmons' rights in that it ratified the policies, practices, procedures, and customs, of Knox County Sheriff J.J. Jones which resulted in the unlawful restraint of Plaintiff for forty-eight hours and his battery by Defendants Fustos and Saah.

**WHEREFORE**, Plaintiff demands judgment against Knox County for the deprivation of Plaintiff Simmons' constitutional rights, which resulted in his injury in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory costs of this action and reasonable attorneys fees.

## COUNT X
## GRANDSTAFF V. CITY OF BORGER

208.    Plaintiffs re-allage the allegations set forth in paragraphs 1 through 115 of this Complaint.

209.    The defendants are liable under under § 1983 for the deprivation of Levante Dominique Simmons' rights without due process of law under the Fifth Circuit's opinion in *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), cert denied, 480 U.S. 917 (1987).  In accordance with *Grandstaff*, liability can be imposed on Knox County based on inadequate training of Defendants and the Counties policy/custom of

dangerous recklessness.   According to the *Grandstaff* Court:

> Conscious indifference to widespread incompetence or misbehavior may be more than a matter of extreme negligence and more than a failure to instruct or train.  If it is deliberate police policy to demand instant compliance, heedless of rights and risks, abuses - i.e., incompetence and misbehavior - will occur when officers of varying judgment and stability encounter resistance.  If unconfined the policy ordains use of the ultimate compulsion, the firearm, upon any appearance of resistance and with only imagined justification.  That policy employs armed officers who subject the public to the deprivation of their constitutional rights.  Where the city policymaker knows or should know that the city's police officers are likely to shoot to kill without justification and without restraint, so as to endanger innocent third parties, the city should be liable when the inevitable occurs and the officers do so.

**WHEREFORE**, Plaintiffs demand judgment against Knox County for the deprivation of Levonte Dominique Simmons' constitutional rights, which resulted his confinement to the "restraint chair" for nearly forty-eight (48) hours in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) in compensatory damages and One Million Two Hundred and Fifty Thousand Dollars ($1,250,000.00) in punitive damages, costs of this action and reasonable attorneys fees.

### COUNT XI
### DEMAND FOR INJUNCTIVE RELIEF PURSUANT TO 28 U.S.C. SECTION 2283 & 2284, AND 18 U.S.C. § 3626

210.    Plaintiffs re-allege the allegations set forth elsewhere in this Complaint, specifically paragraphs 1 through 115.

211.    The use of the "restraint chair" is barbaric and serves no useful or legitimate medical or penological purpose.

212.    Having the option of a "restraint chair" presents the opportunity for persons in law enforcement and jail personnel to abuse the "restraint chair" and engage

in unconstitutional acts or omissions, a fact well known to Defendant Knox County and Defendant Knox County Sheriff J.J. Jones.

213.    Because of Plaintiff's mental illness and the history of abuse by the persons employed at the Knox County Detention Facility, there is a strong likelihood that Plaintiff will be again punished by lengthy time strapped to the "restraint chair".

214.    Plaintiff has no adequate remedy of law to prevent future abuses by being forced into the "restraint chair".

215.    Plaintiff seeks to enjoin Knox County and Knox County Sheriff J.J. Jones from permitting the future use of any "restraint chair" in the Knox County Detention Facility as well as other "jails" under the control of the Knox County Sheriff J.J. Jones.

216.    There has been an official policy or custom of using the "restraint chair" for punishment of inmates, constituting cruel and unusual punishment.

**WHEREFORE,** Plaintiff moves this Court to enter an injunction prohibiting the future use of the "restraint chair", reasonable attorney's fees and costs of this action.

## DEMAND FOR TRIAL BY JURY

**RESPECTFULLY SUBMITTED**, this the **21st** day of **September**, 2015.

**THE BOWLIN LAW FIRM**

BY:    s/Troy L. Bowlin, II
Troy L. Bowlin, II No. 025893
Attorney for Lavonte Simmons
400 West 1st North Street
Morristown, TN  37814
(423) 581-2667